RECEIVED

**In The United States District Court**
**Middle District of Alabama**
**Southern Division**

OCT 1 2 2017

CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA. FM

1:17-CV-0687-WKW-TFM

**LORENZO PEARSON**
**PLAINTIFF**

vs.

DEMAND FOR JURY TRIAL

**THE COMMERCIAL BANK OF OZARK,**
**COMMERCIAL BANK OF OZARK,**
**COMMERCIAL BANCSHARES OF OZARK, INC, LARRY EZELL**
**ATTORNEY ROBERT BROGDEN ACTING AS AUCTIONEER FOR THE COMMERCIAL**
**BANK OF OZARK, COMMERCIAL BANK OF OZARK, AND BANCSHARES OF OZARK**
**INC., ATTORNEY RANIER COTTER III,**
**STATE OF ALABAMA, AND CIRCUIT COURT OF DALE COUNTY PRESIDED BY JUDGE**
**WILLIAN FILMORE,**
**and Fictictous Parties**
**DEFENDANT(S)**

**Jurisdiction**
**28 U.S. Code § 1331 Federal Question(s) and Supplemental jurisdiction over all state claims**
**pursuant 28 U.S.C. § 1367.**

**Parties**
**Lorenzo Pearson "hereafter referred to as Plaintiff" resides at 17 West Main Street, Ariton,**
**Alabama, The Commercial Bank of Ozark, Commercial Bank of Ozark and Commercial**
**Bancshares of Ozark are all located at 208 South Merrick Avenue, Ozark, Alabama 36360,**
**here after referred to as "Defendant(s)" and The State of Alabama located at 501 Washington**
**Avenue, Montgomery, Alabama 36104, Attorney Ranier Cotter III located at 203 East Lee Street,**
**P.O. Box 310910, Enterprise, Alabama 36331-0910, and Attorney Robert Brogden "Auctioneer**
**located at 164 E College St., Ozark, Alabama 36360" hereinafter referred to as Defendant(s) to**
**their particular claim".**

**Verified Complaint**

**GENERAL STATEMENT AS TO RESCISSION AND 20 DAY STATUE**

A deed has no statute of limitations. Even a mortgage deed or deed of trust has no statute of limitations.
It only expires after the contractual terms end. A rescission, especially if it is recorded, has no
expiration. All of these things can ONLY be removed by (a) a proper pleading (b) proof that the
offending document should be canceled and removed from the chain of title and (c) filed within the
time limit prescribed by statute. There is no lawsuit required to make rescission effective. There is no
tender. There are no conditions whatsoever — see Jesinoski v Countrywide (SCOTUS). It is effective
as a matter of law and if recorded remains a permanent impediment to any subsequent instrument
claiming clear title (as though the rescission did not exist) in any instrument executed or recorded after
the rescission was sent and/or recorded. The time limit is set on the bank, not the borrower. It is set by

Page 2

the statute as 20 days from receipt of the rescission to (1) comply or (2) file suit to vacate or cancel the rescission. This is a burden on the bank, not the borrower. To construe the statute any other way would be to violate the terms of the statute and to violate the specific explicit instructions from the US Supreme Court. Any decision or ruling that the bank or creditor could contest after 20 days would mean that the rescission is not effective when mailed as set forth by the Statute and Jesinoski. Rescission therefore is a fact and not a claim, pleading or defense. It may be raised as a defense merely to show that the court lacks subject matter jurisdiction, to wit: that the note and mortgage were rendered VOID by operation of law and as specifically stated in Reg Z which carries the full force of law. It follows that nobody can make a claim based upon void instruments. It also follows that the void instrument (i.e., the mortgage or deed of trust) must be removed from the chain of title as a void instrument. Hence quiet title is appropriate. The decision clearly says that for the rescission to be effective (deriving its authority from 15 USC §1635 and the unanimous SCOTUS decision in Jesinoski v Countrywide), the borrower need NOT file suit. That means it is effective when mailed (NOT FILED) just as the statute says and just as the late Justice Scalia penned in the Jesinoski case.

## COUNT ONE VIOLATIION OF 20 DAY STATUE OF THE RIGHT TO RESCISSION RIGHTS ONLY AFTER BANK IGNORED NOTICE OF RESCISSION ONLY AS DEFENDANT(S) THE COMMERICIAL BANK OF OZARK, COMMERCIAL BANK OF OZARK, BANCSHARES OF OZARK INC., AND LARRY EZELL

### 15 U.S. Code § 1635

#### (b)RETURN OF MONEY OR PROPERTY FOLLOWING RESCISSION

When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

1.     The defendant(s) The Commercial Bank of Ozark and Commercial Bank of Ozark where not the proper parties to the action they brought because they could not make a claim on void instruments or canceled contracts therefore any prior decision were void by operation of law for lack of subject matter jurisdiction. They where not proper parties to the action. The only controversy they had was to follow the 20 day statue and they didn't, they filed a one count claim of ejectment. They had no interest.

## Page 3

2.      Standing is '"[t]he requisite personal interest that must exist at the commencement of the litigation.'" Pharmacia Corp. v. Suggs, 932 So. 2d 95, 98 (Ala. 2005)(quoting In re Allison G., 276 Conn. 146, 156, 883 A.2d 1226, 1231 (2005), quoting in turn H. Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)). "When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction." State v. Property at ` Rainbow Drive, 740 So. 2d 1025, 1028 (Ala. 1999)

3.      The Defendant(s) submitted void instruments which never invoked the court under under Article III 1901 Alabama Constitution and its similar counterpart of the Federal Constitution, there was no controversy they presented as a claim. They had no standing as to the claim they presented or received favorable judgments on. That would include foreclosure lawsuits, ejectment lawsuits, and or counterclaims. The only remedy was for the Courts to dismiss all because rescission was in effect before either action and still is.

4.      The Defendant(s) could only follow the 20 day statue after they were "noticed" that's the statue of law of which they ignored. **"We where the only parties who could file ejectment."**

5.      Its time to fix the confusion as it was when many courts determined rescission was not effected when mailed. The 20 day statue must be followed if rescission was timely and ignored. Its a fact it was timely and ignored.

6.      The Defendant(s) has caused me damages personally for right of possession, lost of collateral, and monetary profits and as a person privy to Mrs. Clarissa Pearson my wife upon who the deeds must be reinstated to.

7.      The contracts were canceled by law, the deeds and mortgage where void by operation of law after notice of rescission before foreclosure and ejectment. Look below statements of the 11th Circuit Courts of Appeal.

When a consumer's principal dwelling secures a loan made in a consumer credit transaction, TILA allows a consumer to "rescind the transaction until [the later of] midnight of the third business day following the [transaction's] consummation" or "delivery of . . . the material disclosures." 15 U.S.C. § 1635(a). If the creditor never makes the disclosures, a borrower's "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." Id. § 1635(f). "[R]escission is [timely] effected when the borrower notifies the creditor of his intention to rescind . . . . [TILA] does not also require him to sue within three years." Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015)

8.      Clearly the notice of rescission were mailed before any such act the bank tried.

9.      Rooker-Feldman doctrine does not apply when the lower court lacked subject matter jurisdiction then decision on the merits when subject matter jurisdiction was lacking. Also Court fail due process. Look to Due Process claim "count four". The Court should have dismissed the case.

("Where it appears on the face of the record that a judgment is void, either from want of jurisdiction of the subject matter or of the defendant, it is the duty of the court, on application by a party having rights

## Page 4

and interests immediately involved, to vacate the judgment or decree at any time subsequent to its rendition." (citing 10 1140595 Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184 (1907), and Griffin v. Proctor, 244 Ala. 537, 14 So. 2d 116 (1943))).

10.     Also, I was not a party to their foreclosure and neither could these claims be intertwining as to me for the foreclosure process the mortgages were not in my name.

11.     The Defendant(s) never had any rights to the claims it presented to provoke the court of a controversy, unless they first followed the 20 day statue. They never did and never has.

12.     No consummation of loan because bank never given any proceeds to borrower and never signed any contracts, notes, and or mortgages. For a contract to be consummated both parties to the contract must act.

13.     Therefore if no statue of limitation on rescission once noticed then now is the right time to bring this claim. Also look below there could be no resjudicata and or collateral estoppel. Look below:

Freddie Mac argues that the foreclosure and TILA claims arise from the same transaction. See Def. Mem. in Sup. of Summ. J. at 4. However, three of the four circuits that have ruled on the issue have held that the claims arise from separate transactions. *See Whigham v. Beneficial Finance Co. of Fayetteville,* 599 F.2d 1322, 1323-24 (4th Cir. 1979). *Accord, Maddox v. Kentucky Finance Co.,* 736 F.2d 380, 382-83 (6th Cir.1984); *Valencia v. Anderson Bros.,* 617 F.2d 1278, 1291 (7th Cir.1980), *rev'd on other grounds,* 452 U.S. 205, 101 S. Ct. 2266, 68 L. Ed. 2D 783 (1981). *Cf. Plant v. Blazer Financial Svcs.,* 598 F.2d 1357 (5th Cir. 1979). Thee Second Circuit implicitly endorsed the logic of *Whigham* in *Adam v. Jacobs,* 950 F.2d 89, 92-93 (2d Cir.1991).

14.     There must have been claims of the same transaction in order for resjudicata and or collateral estoppel to apply.

15.     These issues are on going and "tolled" because the defendants have yet to follow rescission and the 20 day statue of law under rescission.

16.     Wherefore as considering the premises herein the Plaintiff request the Court for judgment forcing the Defendant(s) to follow the 20 day statue, statutory, compensatory , monetary lost, punitive damages, court cost, proper deeding of the properties subject to this claim and any other such relief under the circumstances.

17.     Plaintiff repeat, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

### COUNT TWO CIVIL RACKETEERING AS TO LARRY EZELL

To state a claim, a plaintiff must allege (1) that the defendant received money from a pattern of racketeering activity, (2) invested that money in an enterprise, (3) the enterprise affected interstate commerce, and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves.5

Page 5

**The Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO", 18 U.S.C.A. §§ 1961 et seq.) created a civil law cause of action (§ 1964) for violations of its provisions Exclusive venue is in federal District Courts which are empowered to award triple monetary awards, attorney fees, and to issue equitable orders preventing and restraining violations, including divestiture of an interest in any enterprise, restrictions on future activities or investments of any person, and the dissolution or reorganization of the enterprise.**

18 USCS § 1961 (4) states an "'enterprise'" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity".

RICO makes it unlawful for any person employed by, or associated with, any enterprise engaged in interstate commerce to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity. It does not make it unlawful to be the enterprise. RICO only reaches persons employed by, or associated with, the enterprise. Therefore only individual defendants other than the enterprise are proper RICO defendants.

18.    That the Defendant(s) are a commercial banking business located in Ozark Alabama but performing as a banking enterprise for the purpose of this action involving racketeering.

19.    They perform in interstate commerce due to their holding company in another state and once investment in Silverton Bank based in Atlanta Georgia that was shut down by the FDIC.

20.    Their action is one of racketeering performed by Larry Ezell against the Plaintiff per given in the pleadings of this claim.

21.    Larry Ezell made loans at my request in my wife's name while expecting me to make the payments and I did.

22.    Larry Ezell used the same tactics Charlie Harper used as a board member of the Silverton Bank were he did not pull credit, and or use proof of payback ability.

23.    The racketeering was specific they would allow me to sale land but take money from my sales to pay payments instead of paying on principle as I requested.

24.    The racketeering would also include taking money proceeds from my business activities claiming to pay off loans that they indicated paid in full but never were.

25.    Further, they signed off to land as released but later claimed foreclosure on the same property as well as the land claimed to have been paid off.

27.    Also, the bank used predatory loan fees to assist their profits and or illegal activities.

28.    All these actions were used to boost the banks profits through illegal activities by personal and commercial means and claim that I had never paid anything.

29.    The Defendant(s) actions are continuing "today" as the bank/enterprise are trying to sell the

## Page 6

allege property for even more profits although their action to obtain it was illegal in many ways as I have shown but not inclusive to those issues only.

30.   The Defendants taken ill gained profits against me and "continue" the same as of today.

31.   All action of the Defendants were a direct and approximate cause of my injury were I have been left with nothing. Without these actions I would have not been injured.

32.   All action were to give kick backs to Larry Ezell as a percentage paid to him for the clients he performed loans for, their investment companies, holding company, and their banking enterprise.

33.   Further, their action harmed my income of which still remain today because the said property is still being questioned to me for sales of which I made money from.

34.   Larry Ezell never questioned my wife, and or asked her for payments. She clearly was a straw client with a signature.

35.   Wherefore as considering the premises herein the Plaintiff request judgment for statutory, compensatory, punitive damages, court cost, and any other relief as reasonable the Court sees fit.

36.   Plaintiff repeat, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

### CAUSE OF ACTION COUNT THREE QUIET TITLE AS TO THE COMMERCIAL BANK OF OZARK, COMMERCIAL BANK OF OZARK, AND BANCSHARES OF COMMERCIAL BANK OF OZARK INC.

Under Alabama law, a party bringing an action to quiet title is required to personally name in the complaint all parties who are known to have a claim to the lands made the subject of that action. Ala.Code 1975, § 6-6-561, provides:

"A complaint under this division must be brought against the land or the interest therein sought to be established. It shall also make party or parties defendant to said complaint all persons against whom the plaintiff claims title to said lands, or the interest therein sought to be established, and if the names of such persons cannot be ascertained by the plaintiff with certainty, they may be designated and joined as unknown parties.   Such complaint shall also make party or parties defendant thereto all persons who are known to the plaintiff to have had possession of said lands, or any part thereof, within 10 years next preceding the filing of the complaint, or who are known to the plaintiff to claim said lands, any part thereof or any interest therein, whether such interest be present, future, contingent, reversionary, or otherwise."

37.   Plaintiff request judgment of title being deeded back in Clarissa Pearson's name of which I had collateral securing the loans, possession, and right to rescission.

38.   The deeds are now showing in the name of The Commercial Bank of Ozark.

Page 7

39.     Due to the right of rescission notices before their claimed foreclosure and ejectment action they had no legal right to obtain deeds in their name with a canceled contract, void note, and void mortgage.

40.     Therefore, until the deeds are changed back to Clarissa Pearson their deeds continue a cloud on true title holder.

41.     Wherefore as considering the premises herein the Plaintiff request a judgment of damages for Quiet Title, compensatory, statutory, punitive, court cost, and any other relief the court sees fit under the circumstances.

42.     Plaintiff repeat, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

## CAUSE OF ACTION COUNT FOUR UNJUST ENRICHMENT AS TO THE COMMERCIAL BANK OF OZARK, COMMERCIAL BANK OF OZARK, AND BANCSHARES OF OZARK INC.

43.     According to the 20 day statue of rescission the Defendants continue to enrich themselves by holding money, property, and interest not due to them.

44.     Under 15 U.S. Code § 1635
(b)RETURN OF MONEY OR PROPERTY FOLLOWING RESCISSION. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

45.     Therefore, after the rescission notices and their failure to follow the 20 day statue they owe me money, property I used as collateral, downpayments, and any interest they collected. I made all as payments as they required, not Clarissa Pearson.

46.     Wherefore as considering the premises herein the Plaintiff request a judgment of damages for Quiet Title, compensatory, statutory, punitive, court cost, and any other relief the court sees fit under the circumstances.

47.     Plaintiff repeat, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

## CAUSE OF ACTION COUNT FIVE FAILURE OF DUE PROCESS AS TO STATE OF ALABAMA AND CIRCUIT COURT OF DALE COUNTY

48.     The State of Alabama fail due process in its claim of hearing on October 15th, 2015.

49.     The Court must give a "meaningful hearing" of which did not happen.

50.     The state use a cover all denial of all discovery disabling the Plaintiff to submit evidence subject to issues of the case.

Page 8

### Alabama Appellate Rules On When Discovery IS DENIED

(1) when a privilege is disregarded;

(3) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal; or

(4) when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that the appellate court cannot review the effect of the trial court's alleged error.

51.    The state allowed this discovery denial through appellant procedures.

52.    The state rule allow discovery denial where its states "when a judge deny all discovery its as if the decision of the Court has already been made.

53.    The state court denied all discovery at the beginning of the case.

54.    Assuming that the Court has made its decision at the end of the case conflicted with access to a meaningful hearing.

55.    A "meaningful hearing" can not exist if the Court has already made its decision at the beginning of the case but later set a hearing that does not have any bearing on the case.

56.    Therefore as the state rule applies its like the case of hearing was like going through the motion to later file an appeal.

57.    This action of no "meaningful hearing" is contrary to the Due Process Clause 5th, and 14th, Amendment to the United States Constitution where you "can not" be separated from property with out it. Look below.

*The Fifth and Fourteenth Amendments to the United States Constitution each contain a due process clause. Due process deals with the administration of justice and thus the due process clause acts as a safeguard from arbitrary denial of life, liberty, or property by the Government outside the sanction of law.*

58.    Wherefore as the premises herein, the state court judgments must be set aside.

59.    Plaintiff repeat, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

### CAUSE OF ACTION COUNT SIX FRAUD AND BREACH OF CONTRACTAS TO THE COMMERICAL BANK OF OZARK, COMMERCIAL BANK OF OZARK, BANCSHARES OF OZARK INC, ATTORNEY RANIER COTTER III, ATTORNEY ROBERT BROGDEN ACTING AS AUCTIONEER, AND LARRY EZELL.

60.    The defendant(s) on or about October 15th, 2015 displayed an action of fraud by Breach of

**Page 9**

Contract against the Plaintiff which was an "continuing action" started by Attorney Robert Brogden on June 3rd, 2010.

61.     The Defendant(s) knew or should have known any foreclosure deeds and mortgages that where illegally executed by Attorney Robert Brogden a "non licensed" Auctioneer submitted to the Court on the said date as genuine where in fact fraudulent and breach of contract.

62.     Ranier Cottier III submitted deeds in court in a one claim ejectment action based on contracts, notes, and mortgages that where void and or canceled by operation of law due to rescission.

63.     In the subject mortgages contract The Defendant(s) The Commercial Bank of Ozark and Commercial Bank of Ozark given rights to rescission and the effect its failure would not protect any


collateral for that failure.

64.     Attorney Robert Brogden executed these mortgages and then claimed foreclosure even though he himself was noticed of rescission before he acted.

65.     Further, being he executed the mortgages he knew or should have known the language of the contracts that extended rescission rights.

66.     In and all out defense given by the Plaintiff now then Defendant, the Defendant(s) where on notice that their claimed
assertion of these documents where base on nonexsistance because of timely service of notice of rescission and failure to follow the 20 day statue

67.     Nevertheless, the Defendant(s) ignored the damages they would and did cause the Plaintiff by submitting these documents any way. And or continued to use the action of Mr. Brogden.

68.     Further, the state court in that hearing had made its decision before the hearing due to the allowance of the state rule to deny all discovery, therefore the decision would not matter here.

69.     Per the claims of this complaint the court fail to acquire subject matter jurisdiction and due process.

70.     This is no way impeded the action of the Defendant(s) to injury the Plaintiff to remove him from property "through acts of fraud" that he had all legal rights to possess or to continue to sale as he used to sale to make a living.

71.     Therefore, as an approximate action or inaction of the Defendant(s) the Plaintiff has been made to suffer mentally, financially, and lose of property rights.

72.     Wherefore, as considering the premises herein the Plaintiff request judgment for damages of compensatory, monetary cost, punitive at the minimum of $500.000.00, court cost, and any other relief the Court sees just under the circumstances.

**Page 10**

73.     Plaintiff repeat, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

## CAUSE OF ACTION COUNT SEVEN INJUNCTIVE RELIEF UNDER FRCP 65 AND OR 28 USC § 2283 AGAINST THE COMMERCIAL BANK OF OZARK, COMMERCIAL BANK OF OZARK, AND BANCSHARES OF OZARK INC.

74.     This court has jurisdiction over this claim because the state court judgment are void and or void for lack of due process therefore any decisions where not on the merits.

75.     The Plaintiff request this court to determine those issues because subject matter jurisdiction can be attacked any any court at any time. Further, this court has jurisdiction to hear due process claims.

("Where it appears on the face of the record that a judgment is void, either from want of jurisdiction of the subject matter or of the defendant, it is the duty of the court, on application by a party having rights and interests immediately involved, to vacate the judgment or decree at any time subsequent to its rendition." (citing 10 1140595 Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184 (1907), and Griffin v. Proctor, 244 Ala. 537, 14 So. 2d 116 (1943))).

Of course, in certain circumstances the lack of personal jurisdiction may be waived; however subject-matter jurisdiction may never be waived. Campbell v. Taylor, 159 So. 3d 4, 11 (Ala. 2014)

75.     Cases decided with lack of jurisdiction or due process is unconstitutional.

**"Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside",Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278.**

**"Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court", People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App. 2 Dist. 1994). (underline emphasis)**

75.     Therefore, being the state court judgments where void for lack of subject matter jurisdiction and or due process, plus executed by fraud by Defendant(s) this Court is asked to dismiss them and provide the requested injunction.

76.     Wherefore, as because of the state court lack of jurisdiction and the judgments it made granting then Plaintiffs now defendant(s) ejectment should be vacated and further the Plaintiff now request that this court submit an injunction preventing the Defendants of any further action of disposition of the property subject to this action and or the state court judgments on October 15th, 2015.

Plaintiff demand "Jury Trial" as to all issues.

PLAINTIFF RESERVE THE RIGHT TO SERVICE AFTER THE IFP IS DECIDED IN THIS CASE PER FRCP § 1915.

Submitted this the 11th, day of October 2017

Lorenzo Pearson Pro Se Plaintiff