IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORENZO PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.1:17-cv-687-WKW-TFM |
| | ) |
| THE COMMERCIAL BANK OF OZARK, et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

Plaintiff, who is proceeding *pro se*, filed this 42 U.S.C. § 1983 action on October 12, 2017. Pursuant to this Court's Order giving him an opportunity to amend (Doc. 8), Plaintiff filed an Amended Complaint. (Doc. 9). Plaintiff names as Defendants the Commercial Bank of Ozark and Commercial Bancshares of Ozark, Inc. (Doc. 9). The Court understands Plaintiff to allege that the Defendants violated his due process rights, the Truth in Lending Act (TILA) 15 U.S.C. § 1601 (1979) and the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 when they instituted foreclosure proceedings on his property located at 40 Bowden Street, Ariton, Alabama in state court in October, 2015. He claims that the state foreclosure proceedings were unlawful and should be "set[] aside" by this Court because the mortgage he gave on his property was void since he provided rescission notices to Defendants in June 2010. (Doc. 9 at p. 5).

Specifically, in his Amended Complaint, Plaintiff alleges that Defendants have violated his Constitutional rights to due process because he was not appraised of the October 15, 2015 state

1

court foreclosure hearing. (Doc. 9 at. pp. 5-6). He also alleges that the state court foreclosure proceedings instituted by Defendants violated TILA because in June 2010 he rescinded the terms of the mortgage which made the mortgage null and void. (Doc. 9 at pp. 1-5 and 7-8). Further, he alleges that the state foreclosure proceedings violated FDCPA because Defendants' subsequent sale of the property was unlawful since his June 2010 rescission notices nullified the mortgage. (Doc. 9 at pp. 8-11). Plaintiff also alleges state law claims for conversion and fraudulent misrepresentation arising from the alleged unlawful foreclosure proceedings. (Doc. 9 at pp. 9-13). The Amended Complaint seeks declaratory and injunctive relief and money damages. (Doc. 9 at pp. 5, 13).

On February 6, 2018, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis*. (Doc. 7). In *forma pauperis* proceedings are governed by 28 U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court now conducts a review pursuant to 28 U.S.C. 1915.

## II. DISCUSSION AND ANALYSIS

Initially, the Court must address whether it has subject matter jurisdiction over Plaintiff's claims. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (Citations omitted). As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Plaintiff alleges a violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right,

privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[1]  Plaintiff brings his due process claim pursuant to § 1983 and brings causes of actions under federal statutes TILA and FDCPA.  Therefore, he arguably invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2]

### A. Prior Court Order Enjoining Plaintiff's Suits against the Commercial Bank of Ozark

On June 10, 2015, in a case previously filed in this Court, the Court issued an Order finding that "Lorenzo Pearson . . . has abused process by repeatedly removing cases to federal court on the basis of arguments that are patently frivolous and violative of their Rule 11 certifications.".  Thus, the Court ordered that Pearson was "ENJOINED from filing . . . direct suits in this court against . . . the Commercial Bank of Ozark or its agents, servants, employees, officers, or directors, [without first] submit[ting] a petition for leave to file, along with a proposed . . . complaint and a copy of this Order, to this court for consideration."  (*See The Commerical Bank of Ozark v. Lorenzo Pearson and Clarissa Pearson,* 1:15-cv-73-WKW, Doc. 12).  In filing the instant action, Plaintiff has failed to follow the directions of this Court.  Accordingly, the Court concludes that this action could be dismissed solely on this basis pursuant to 28 U.S.C. § 1915.  However, for the sake of thoroughness, the Court will now address other bases for dismissal pursuant to 28 U.S.C. § 1915.

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[2] Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

**B. State Action/Private Actor**

The Due Process Clause of the Fourteenth Amendment prohibits a *state* from depriving a person of "life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV (emphasis added). Additionally, claims brought under 42 U.S.C. § 1983 for violations of Fourteenth Amendment rights, must be asserted against *state* actors. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). (Emphasis added). Plaintiff brings suit against the defendants Commercial Bank of Ozark and Commercial Bancshares of Ozark, Inc., private entities, alleging violations of his due process rights. The law is clear that the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 884-85 (11th Cir. 2011) (unpublished) (quoting *Pinellas*). Accordingly, there is no viable cause of action under 42 U.S.C. § 1983 against the defendants, Commercial Bank of Ozark and Commercial Bancshares of Ozark, Inc. who are private entities, for their alleged role in the foreclosure proceedings instituted on Plaintiff's property. Thus, Plaintiff's due process claims against them warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because he fails to state a claim against Defendants upon which relief maybe granted.

**C. Declaratory and Injunctive Relief**

Plaintiff claims that in June of 2010 he provided rescission notices to Defendants pursuant to TILA which voided the mortgage on the property upon which Defendants foreclosed. (Doc. 9 at pp. 1-5, 7-8). Further, he argues that the subsequent sale of his property was unlawful under FDCPA because the mortgage was void. (Doc. 9 at pp. 8-11). Thus, he argues because there was no mortgage upon which to foreclose that this Court should enter a "judgment setting aside Dale

County Alabama Circuit Court Judgment from November 15th, 2015." (Doc. 9 at pp. 5, 7-8). This is precisely the kind of relief which the *Rooker-Feldman* doctrine requires this Court to abstain from awarding. Indeed, the United States Supreme Court held that the *Rooker-Feldman* doctrine, "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp., v. Saudi Basic Industries Corp.* 544 U.S. 280, 284 (2005). Further, suits requesting a federal court to declare a state court judgment "null and void" are properly dismissed under the *Rooker-Feldman* doctrine "for want of subject-matter jurisdiction." *Id.* at 283-84. (Citation omitted). Accordingly, the Court concludes that this claim is due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D. Money Damages under TILA and FDCPA

The crux of Plaintiff's complaint asks this Court for declaratory and injunctive relief to overturn the Dale County state court rulings in the October 2015 foreclosure proceedings on his property located at 40 Bowden Street, Ariton, Alabama. However, Plaintiff also seeks money damages for alleged violations of TILA and the FDCPA resulting from the foreclosure proceedings and subsequent sale of the property. It is difficult to discern precisely the nature of the alleged violations of TILA and the FDCPA which might give rise to a claim for money damages. However, reading the *pro se* complaint liberally as this Court is required to do, the Court understands Plaintiff to allege that Defendants violated TILA by refusing to acknowledge the rescission notices he gave in 2010 on the loan underlying the mortgage. Further, a liberal reading of the complaint demonstrates that Plaintiff attempts to allege a FDCPA violation for Defendants' sale of his property in November, 2015.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense. The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2. (Citation omitted).

The TILA right to rescission is subject to a three-year limitation period. *See Boone v. JP Morgan Chase Bank*, 447 F. App'x. 961, 964 (11th Cir. 2011) citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). Thus, because Plaintiff brought the instant action in 2017, his claim for violation of TILA due to his alleged rescission in 2010 is time barred and subject to dismissal. *See Boone, id*. (dismissing TILA claim for rescission filed after running of three-year time period for failure to state a claim). Additionally, the FDCPA requires that an action under it must be brought "within one year from the date on which the violation occurs." *Boone,* 447 F. App'x at 965 citing 15 U.S.C. § 1692k(d). Thus, because Plaintiff brought the instant action in 2017, his claim for violation of FDCPA premised on the sale of his property in 2015 is clearly barred by the one-year statute of limitations. Accordingly, the Court concludes that the applicable statutes of limitation bar both Plaintiff's TILA and FDCPA claims and these claims are due to be dismissed pursuant to 1915(e)(2)(B). *See Clark*, 915 F.2d at 640.

### E.  State Law Claims

Plaintiff alleges state law claims for conversion and fraudulent misrepresentation. There is no question that federal courts are "courts of limited jurisdiction" and that a district court may only

exercise jurisdiction in cases involving federal questions or where there is diversity of parties. *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 547, 552 (1994) citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Plaintiff's Complaint alleges claims brought under federal statutes, and thus, attempts to invoke this Court's federal question jurisdiction. However, since the Court has previously concluded that Plaintiff's federal claims brought pursuant to 42 U.S.C. 1983, TILA and the FDCPA are due to be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims here. *See Palmer v. Hospital Authority of Randolph County*, 22 F. 3d 1559, 1568 (11th 1994) ("Section 1367(c) gives a court *discretion* to dismiss a supplemental claim or party when 'the district court has dismissed all claims over which it has original jurisdiction.' 28 U.S.C.§ 1367(c)(3).")(Emphasis in original). Accordingly, the Court concludes that dismissal of Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) is proper.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further ORDERED that the Plaintiff may file any objections to this Recommendation on or before **May 10, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the

report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 26th day of April, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE