IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| LORENZO PEARSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:17-CV-687-WKW |
| THE COMMERCIAL BANK OF OZARK, COMMERCIAL BANK OF OZARK, COMMERCIAL BANCSHARES OF OZARK, INC., and STATE OF ALABAMA RULES OF CIVIL PROCEDURE, | ) | |
| Defendants. | ) | |

## **ORDER**

On April 26, 2018, the Magistrate Judge filed a Recommendation. (Doc. # 10.) On May 8, 2018, Plaintiff Lorenzo Pearson filed objections. (Doc. # 11.) Upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), the court concludes that the Recommendation is supported by applicable law and contains no factual error. However, because the Magistrate Judge has correctly recommended that Plaintiff's claims be dismissed not only for failure to comply with this court's orders, but also on the merits, the court concludes that dismissal should be with prejudice. *See Hall v. Tower Land & Inv. Co.*, 512 F.2d 481, 483 (5th Cir. 1975) (noting that dismissal

for failure to state a claim upon which relief can be granted "operates as an adjudication on the merits"); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

The Recommendation does not address Plaintiff's claims against Defendant State of Alabama Rules of Civil Procedure. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's claims against this Defendant are subject to dismissal with prejudice and without an opportunity to amend for failure to state a claim upon which relief can be granted.[1] The State of Alabama's Rules of Civil Procedure are exactly that – rules of procedure. They do not possess assets subject to execution and cannot comply with an injunction or declaratory judgment. Unlike inanimate defendants in actions *in rem*, they are merely rules and cannot be confiscated or executed upon. Plaintiff would be more likely to collect from a pine stump. Moreover, Plaintiff has not stated any facts from which it could reasonably be concluded that the Alabama Rules of Civil Procedure have committed any act or

---

[1] An opportunity to amend would be futile because, as explained in this Memorandum Opinion, the State of Alabama is immune from suit, equitable relief from the state court's interpretation and application of the rules would be an impermissible exercise of appellate jurisdiction over the state courts, and any monetary or equitable judgment against the Alabama Rules of Civil Procedure themselves cannot be enforced. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (ruling that proposed amendments were properly be denied as futile because they did not state a claim upon which relief could be granted).

omission giving rise to a cause of action, nor could they conceivably have done so because they are not capable of taking (or failing to take) action.  Rather, in his amended complaint, Plaintiff argues that the Alabama Rules of Civil Procedure, as applied in his state court cases, deprived him of his constitutional rights.

The court will not construe Plaintiff's complaint against "State of Alabama Rules of Civil Procedure" as an attempt to state a claim for a monetary judgment or equitable relief against the State of Alabama on grounds that the Rules were unconstitutionally applied during the state court litigation.  Any such construction would be of no help to Plaintiff, because the claim would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) as frivolous, for failure to state a claim upon which relief can be granted, and on grounds that it seeks monetary relief against a defendant who is immune from such relief.  An unconsenting state is immune from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity.  U.S. Const. Amend XI; *Hans v. Louisiana*, 134 U.S. 1, 21 (1890); *see also Toth v. City of Dothan, Ala.*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing Eleventh Amendment).  Congress has not abrogated Eleventh Amendment immunity in cases brought pursuant to 42 U.S.C. § 1983, nor has Alabama waived its immunity.  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

Moreover, because the state court litigation has already been concluded, any claim for injunctive or declaratory relief against the State of Alabama on grounds that the Alabama Rules of Civil Procedure are improperly drafted or were improperly construed during the course of the state court litigation is moot. *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Equitable relief is a prospective remedy, intended to prevent future injuries. In contrast, a claim for money damages looks back in time and is intended to redress a past injury. . . . When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury.").

Further, any claim for "equitable relief" from the manner in which the Alabama Rules of Civil Procedure were applied in the state court case would effectively require this court to reverse Alabama state courts, which, as was pointed out in the Recommendation, this court has no power to do. *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009) ("Generally speaking, the *Rooker–Feldman* doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions.").

Accordingly, it is ORDERED as follows:

1. Plaintiff's objection (Doc. # 11) is OVERRULED.

2. The Recommendation (Doc. # 10) is ADOPTED.

3. Plaintiff's claims against The Commercial Bank of Ozark, Commercial Bank of Ozark, Commercial Bancshares of Ozark, Inc., and State of Alabama Rules of Civil Procedure are DISMISSED with prejudice.

4. Plaintiff Lorenzo Pearson[2] is again ENJOINED from filing any more notices of removal or direct suits in this court against The Commercial Bank of Ozark or its agents, servants, employees, officers, or directors, unless he complies with the following procedures:

If Lorenzo Pearson wishes to file any notice of removal or a direct suit in the Middle District of Alabama in which The Commercial Bank of Ozark or any of its agents, servants, employees, officers, or directors is a party, he must submit a petition for leave to file, along with a proposed notice of removal or complaint and a copy of this Order, to this court for consideration. The Clerk of the Court is DIRECTED to forward to the undersigned any such petition and its accompanying documents for consideration. The Clerk of the Court shall not docket or open a new case until this court issues an order to do so. If Lorenzo Pearson fails to comply with the court's directive by submitting a notice of removal or complaint involving The Commercial Bank of Ozark (or any of its agents, servants, employees, officers, or

---

[2] Lorenzo Pearson and Clarissa Pearson both remain under the court's previous injunction, as noted in the Recommendation. (*See* Doc. # 12 in *Commercial Bank of Ozark v. Pearson*, Case No. 1:15-cv-00073-WKW-SRW.)

directors) without complying with this Order, the Clerk of the Court is DIRECTED to return the notice of removal or complaint to him or her.

Further, *if Lorenzo Pearson fails to submit the required petition for leave to file, along with the complaint or notice of removal in a case in which The Commercial Bank of Ozark, or any of its agents, servants, employees, officers, or directors is a party, he may be held in contempt of court and may be subject to sanctions, including monetary sanctions to offset the court's administrative costs (including return postage) and/or any opposing party's costs incurred as a result of his failure to comply with the orders of the court.*

Final judgment will be entered separately.

DONE this 10th day of May, 2018.

                                          /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE